PER CURIAM.
This is an Anders case in which we have found errors in the judgment and sentence requiring correction.
Appellant, Jean L. Touze [“Touze”], was charged with second-degree murder (with a firearm) (25-Life' Minimum Mandatory) (LIFE-L10). After a jury trial, he was convicted of the offense as charged. The jury also made specific findings that Touze actually possessed and discharged a firearm during the commission of the offense and that, as a result, he did cause great bodily harm or death to the victim. At his sentencing, the trial court sentenced Touze to life imprisonment and imposed the twenty-five year firearm minimum mandatory pursuant to section 775.087(2), Florida Statutes.
Nevertheless, Touze’s written judgment reflects that Touze was convicted of the “Capital Offense” of second-degree murder. This is incorrect as the offense of second-degree murder (as noted above), is a first-degree felony, punishable by life. See § 782.04(2), Fla. Stat. (2010).
In addition, Touze’s written sentence appears to incorrectly reflect that the twenty-five year minimum mandatory sentence imposed by the trial court was imposed pursuant to section 775.082(1), Florida Statutes, because Touze had committed a “Capital Offense.” Once again, this is incorrect. As noted above, Touze’s twenty-five year minimum mandatory sentence was imposed by the trial court based upon the jury’s finding that Touze actually possessed and discharged a firearm during the commission of the offense and that, as a result, he did cause great bodily harm or death to the victim. See also § 775.087(2)(a)3„ Fla. Stat. (2010). As such, Touze’s written sentence should reflect the correct statutory basis for the *468 imposition of the twenty-five year minimum mandatory sentence.
AFFIRMED in part; REMAND for correction of judgment and sentence.
TORPY, C.J., GRIFFIN and ORFINGER, JJ., concur.